[Cite as *State v. Bridges*, 2017-Ohio-8579.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105547**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRANDON BRIDGES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608028-A

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 16, 2017

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: John Hirschauer
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Brandon Bridges appeals the sentences imposed after he pled guilty to one count of robbery, one count of abduction and one count of having a weapon while under disability. Bridges contends that the trial court abused its discretion in imposing consecutive sentences, resulting in an aggregate sentence of five years in prison. He also contends that the trial court erred in failing to merge the having a weapon while under disability count with the other counts for sentencing purposes. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

{¶2} On July 28, 2016, a Cuyahoga County Grand Jury indicted Bridges on charges of aggravated robbery in violation of R.C. 2911.01(A)(1) (Count 1); robbery in violation of R.C. 2911.02(A)(2) with one-year and three-year firearm specifications (Count 2); kidnapping in violation of R.C. 2905.01(A)(2) with one-year and three-year firearm specifications (Count 3) and having a weapon while under disability in violation of R.C. 2932.13(A)(2) (Count 5). A codefendant, Tyrone Leegrand, was also indicted on Counts 1, 2 and 3 and a separate count of having a weapon while under disability (Count 4). The charges arose out of a July 7, 2016 incident in which Bridges and Leegrand allegedly held a 76-year-old woman at gunpoint and demanded her purse and keys. The victim, who had been parking her car to meet her son and daughter-in-law for brunch, refused and swung at Leegrand. While the victim was struggling to retain her property, her son drove up the street, saw the attempted robbery and struck Bridges with the front of his car. Bridges and Leegrand ran off and were later arrested.

{¶3} On February 9, 2017, Bridges and the state reached a plea agreement. Under the terms of the plea agreement, Bridges agreed to plead guilty to (1) an amended Count 2, reducing

the robbery charge from a second-degree felony to a third-degree felony and deleting the three-year firearm specification, (2) an amended Count 3, reducing the kidnapping charge to a charge of abduction, a third-degree felony, and deleting the one-year and three-year firearm specifications and (3) Count 5, the having a weapon while under disability charge. The parties agreed that Counts 2 and 3 would merge for sentencing, that the state would elect to sentence on Count 2 and that Counts 2 and 5 did not merge for sentencing.

{¶4} After a thorough plea colloquy, Bridges pled guilty to the amended charges as agreed. The trial court found that Bridges had entered his guilty pleas knowingly, intelligently and voluntarily with a full understanding of his rights and accepted his guilty pleas. In exchange for Bridges' guilty pleas, Count 1 was nolled. The trial court referred the case for preparation of a presentence investigation report.

{¶5} At the sentencing hearing, the trial court heard from Bridges, defense counsel and the state. After listening to the parties' statements and arguments, reviewing the PSI and expressly considering both the principles and purposes of sentencing under R.C. 2929.11 and the relevant statutory factors under R.C. 2929.12, the trial court sentenced Bridges to an aggregate prison term of five years: four years on Count 2 (one-year on the firearm specification to be served prior to and consecutive to 36 months on the robbery offense) and 12 months on Count 5 to be served consecutively to the sentence on Count 2. The trial court also imposed three years of postrelease control.

{¶6} In support of its imposition of consecutive sentences, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Bridges, that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public, that Bridges committed the offenses while under

postrelease control for a prior conviction in the Cuyahoga County Common Pleas Court and on probation from a prior offense in the Rocky River Municipal Court and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from his commission of future crime. The trial court set forth its findings in its March 2, 2017 sentencing journal entry.

{¶7} Bridges appeals his sentences, raising the following assignments of error for review:

> FIRST ASSIGNMENT OF ERROR:
> The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of five years imprisonment, including consecutive terms, in that a consecutive sentence is not necessary to protect the public, and is disproportionate to the seriousness of the offender's conduct.

> SECOND ASSIGNMENT OF ERROR:
> The trial court erred when it failed to merge one count of having a weapon under disability with the other charges for purposes of sentencing.

**Law and Analysis**

**Imposition of Consecutive Sentences**

{¶8} In his first assignment of error, Bridges contends that the trial court abused its discretion and erred in imposing consecutive sentences because the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶9} In reviewing felony sentences, this court does not review the imposition of consecutive sentences for an abuse of discretion. R.C. 2953.08(G)(2). We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.

{¶10} With respect to the imposition of consecutive sentences, as this court previously explained:

There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia*.

*State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

**{¶11}** In order to impose consecutive sentences, the trial court must find (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that such sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public and (3) that at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶12}** The trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶13}** In this case, Bridges does not dispute that the trial court made all of the requisite findings under R.C. 2929.14(C)(4). Rather, he contends that the record does not support the

trial court's findings. Specifically, he argues that the imposition of consecutive sentences was "not necessary to protect the public" and that consecutive sentences are "disproportionate to the seriousness of [Bridges'] conduct" because (1) "this was not the worst form of the offense," (2) the trial court mistakenly believed that Bridges was the "gunman," when he was not, (3) Bridges "took ownership and responsibility for his actions," sparing the victim the "further ordeal of testifying at trial" and sparing the state the expense of trying him and (4) the offenses were part of a single course of conduct.

{¶14} R.C. 2953.08(G)(2) makes it clear that if the court has made the requisite statutory findings to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]" This is an "extremely deferential" standard of review. *See, e.g., State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶15} Following a thorough review of the record, we cannot say that the trial court's consecutive sentencing findings were clearly and convincingly not supported by the record.

{¶16} Bridges was 23 years old at the time of his sentencing. The record reflects that Bridges had numerous prior convictions, including convictions for various theft-related offenses and a prior conviction for assaulting his 15-year-old stepson as well as prior juvenile adjudications. The record further reflects that Bridges committed the offenses at issue while he was on both postrelease control for a burglary conviction in the Cuyahoga County Common Pleas Court and on probation in a municipal court case. Although Bridges contends his actions were "not the worst form of the offense," Bridges robbed a 76-year-old woman at gunpoint in the middle of the day while she was parking her car on the way to brunch. Although the victim was not physically injured, she was "terrified" by the "life-changing" incident. Further, as the trial

court observed, the fact that the victim was not injured may have simply been fortuitous, i.e., a result of her own and her son's actions, rather than due to any restraint on the part of Bridges:

> THE COURT: * * * The Court finds that the consecutive sentences are necessary to protect the public and to punish you.
>
> You are out on PRC and you robbed a member of our community for no good purpose while you were on drugs.
>
> It is not disproportionate, this sentence is not disproportionate to the seriousness of your crime.
>
> I don't know what instinct caused her to get mad and fight back, but it probably saved her life. And then when her son came around the corner and drove the car at you, you two discontinued. That was two fortunate things, otherwise it could be much worse for [the victim]. * * *

{¶17} The only fact allegedly relied upon by the trial court in imposing consecutive sentences that Bridges contends was inaccurate was the fact that he was the "gunman." Although Bridges contends that he was not the gunman, the state disputed that claim at the sentencing hearing. Moreover, the trial court specifically stated whether or not Bridges was the gunman was not a deciding factor in determining the sentences imposed in the case:

> THE COURT: So you just came upon a lady that you thought you could steal her car?
>
> THE DEFENDANT: I didn't come upon a lady but I was there, so I was at fault, too.
>
> THE COURT: Now we are getting to something crucial. You keep saying, as you said in your PSI, that you weren't really involved, right?
>
> You said I was with the guy who did it. It wasn't my weapon.
>
> My understanding is that in the subsequent photo array * * * they all picked you out as the guy with the gun.

[DEFENSE COUNSEL]: That's not true.

[THE STATE]: The notes I have from [the assistant prosecuting attorney who represented the state at the change of plea hearing] is that this is the gunman, your Honor.

MR. FRIEDMAN: That's not true. As a matter of fact, there were a number of witnesses, some of whom did not even pick Mr. Bridges out of a lineup.

THE COURT: My understanding, from the information of the PSI and all that, is that after he was arrested that he did pick him.

It doesn't matter. You were there with somebody at a minimum. At your best day you were there with a guy who was robbing a 76 year old person who was minding her own business, getting in her vehicle, not bothering anybody, and you and your friend thought it would be okay to rob them [sic]. Right?

THE DEFENDANT: Correct.

THE COURT: So you said that I am sorry for being caught up in something so dumb. It is not dumb to the person being robbed. It shouldn't happen to you. It shouldn't happen to your child's mother. It shouldn't happen to anybody, that somebody walks up and puts a gun on them and says give me your stuff, gimmie your car. That is not how Cuyahoga County should run, that it is just accepted that somebody can have a gun and succeed in robbing somebody of property when they worked hard for it.

{¶18} As the trial court further stated, when considering the aggravating sentencing factors under R.C. 2929.12(B):

THE COURT: * * * Indicators your conduct is more serious under 2929.12(B). There is a firearm involved. Whether you had it, whether your co-defendant had it. You two can argue it out some other place, some other time. But in the matter of [the victim], she knew somebody had a gun and there were two guys right there. So it wasn't a matter of one person doing this and the other person not knowing what was happening. You were both up by her.

{¶19} The record reflects that the trial court carefully considered the relevant facts and factors in determining both the individual sentences for each offense and in deciding to impose those sentences consecutively. As to Bridges' remaining arguments, the facts that Bridges

"took ownership and responsibility for his actions" by pleading guilty and that the offenses at issue were part of a single course of conduct do not support the conclusion that the trial court's findings under R.C. 2929.14(C) were "clearly and convincingly" not supported by the record. Bridges' first assignment of error is overruled.

**Merger**

{¶20} In his second assignment of error, Bridges argues that the trial court erred by failing to merge the having weapons while under disability count with the robbery and abduction counts for sentencing purposes.

{¶21} R.C. 2941.25(A) allows only a single conviction for conduct that constitutes "allied offenses of similar import." However, under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the offenses are dissimilar in import or significance, i.e., each offense caused separate, identifiable harm, (2) the offenses were committed separately or (3) the offenses were committed with separate animus or motivation. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13, 25, 31.

{¶22} First, we note that, in this case, the record reflects that Bridges waived any allied offense issue. During the plea hearing, the state specifically addressed the merger issue, indicating that the parties had agreed that Counts 2 and 3 would merge for sentencing but that Count 5 would not merge. Defense counsel confirmed on the record that the prosecutor had accurately stated the parties' agreement. Where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived. *See, e.g., State v. Allison*, 8th Dist. Cuyahoga No. 105212, 2017-Ohio-7720, ¶ 32; *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 18. (8th Dist.)

**{¶23}** Furthermore, even if Bridges had not waived the allied offense issue, no objection was raised regarding the merger of these offenses below. We would therefore, review this assignment of error for plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, 21 (a defendant who fails to raise an allied offense issue in the trial court forfeits all but plain error); *Black* at ¶ 19-29. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22. The defendant "bears the burden of proof to demonstrate plain error on the record." *Id.*, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. To demonstrate plain error, the defendant must show an error, i.e., a deviation from a legal rule that constitutes an "obvious" defect in the trial proceedings, and that the error affected a substantial right, i.e., the defendant must demonstrate a "reasonable probability" that the error resulted in prejudice. *Rogers* at ¶ 22; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "We recognize plain error ''with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Lyndhurst v. Smith*, 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, ¶ 32, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

**{¶24}** Even if we were to consider Bridges' allied offense argument, we would not find plain error. In *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, this court considered whether a having weapons while under disability offense merged with an aggravated robbery offense. In concluding that that the offenses did not merge, the court stated:

> "[The] animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to

> commit the other crimes does not absolve [the defendant] of the criminal liability
> that arises solely from his decision to illegally possess the weapons."

*Id.* at ¶ 12-13, quoting *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39; *see also State v. Dalmida*, 1st Dist. Hamilton No. C-140517, 2015-Ohio-4995, ¶ 33 (aggravated robbery and felonious assault have a "different import and significance" than having a weapon while under disability such that the offenses do not merge); *State v. Sanderfer*, 5th Dist. Richland No. 15CA4, 2015-Ohio-4285, ¶ 18-27 (having weapons while under disability and felonious assault offenses do not merge); *State v. Beeler*, 9th Dist. Summit No. 27309, 2015-Ohio-275, ¶ 27 (aggravated robbery does not merge with having weapons while under disability because defendant's animus to possess a firearm was separate and distinct from his animus to rob pizza shop); *State v. Carradine*, 2015-Ohio-3670, 38 N.E.3d 936, ¶ 58 (8th Dist.) (carrying concealed weapon and having weapons while under disability did not merge because acquisition of the firearm was done with a separate animus than the carrying of the firearm in a concealed manner).

**{¶25}** Similarly, in this case, Bridges necessarily acquired and possessed the firearm prior to committing the robbery. The offense of having a weapon while under disability occurred when Bridges acquired or possessed the gun and the robbery occurred when Bridges used the gun to take the victim's property. The fact that Bridges used the firearm to commit the robbery "'does not absolve [him] of the criminal liability'" arising from his illegal possession of the firearm. *Brown* at ¶ 12, quoting *Cowan* at ¶ 39. Therefore, the trial court did not commit plain error in failing to merge these offenses for sentencing.

**{¶26}** Bridges' second assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LARRY A. JONES, SR., J., CONCUR