[Cite as *State v. Thomas*, 2018-Ohio-1081.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105375**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTHONY R. THOMAS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601429-A

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 22, 2018

**ATTORNEY FOR APPELLANT**

Anna Markovich
Law Office of Anna Markovich
18975 Villaview Road, #3
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Jillian Eckart
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Anthony Thomas ("appellant"), brings the instant appeal challenging his convictions and the trial court's sentence for robbery, abduction, and drug possession.   Specifically, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered due to ineffective assistance of trial counsel; the trial court abused its discretion in failing to sua sponte vacate appellant's guilty plea; the trial court abused its discretion in denying his postsentence motion to withdraw his guilty plea; and the trial court erred by imposing consecutive sentences on allied offenses of similar import.   After a thorough review of the record and law, this court affirms.

### I. Factual and Procedural History

{¶2} On November 21, 2015, appellant attacked a physically disabled victim who was riding on an RTA train.   Appellant pulled the victim from his seat, dragged the victim across the

floor of the train, and removed the victim from the train onto a platform outside. During the struggle, the victim lost his cell phone and the victim's prosthetic leg became detached.

{¶3} On December 2, 2015, in Cuyahoga C.P. No. CR-15-601429-A, the Cuyahoga County Grand Jury returned a six-count indictment charging appellant with (1) robbery, a second-degree felony in violation of R.C. 2911.02(A)(2); (2) robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); (3) theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1), with a furthermore specification alleging that the victim is an elderly person or disabled adult and that the property or services stolen is valued at less than $1,000; (4) kidnapping, a first-degree felony in violation of R.C. 2905.01(B)(2); (5) drug possession, a fifth-degree felony in violation of R.C. 2925.11(A); and (6) illegal conveyance into a detention facility, a third-degree felony in violation of R.C. 2921.36(A)(2). Appellant was arraigned on December 7, 2015; he pled not guilty to the indictment.

{¶4} The parties reached a plea agreement. On March 2, 2016, appellant pled guilty to robbery, as charged in Count 1 of the indictment, abduction, a third-degree felony in violation of R.C. 2905.02(A)(1), as amended in Count 4, and drug possession, as charged in Count 5 of the indictment. The remaining counts were nolled. The trial court ordered a presentence investigation report and screening to determine whether appellant was eligible for placement in a community-based correctional facility program ("CBCF"). On the same day, appellant also pled guilty in Cuyahoga C.P. No. CR-15-600864-A to attempted drug possession, a first-degree misdemeanor in violation of R.C. 2923.02 and 2925.11(A).

{¶5} The trial court held a sentencing hearing on March 29, 2016. During the sentencing hearing, the trial court viewed video surveillance footage from the RTA train of appellant's encounter with the victim.

**{¶6}** After hearing statements from defense counsel, appellant, the victim, and the prosecutor, and after viewing the video of the incident, the trial court imposed a prison sentence of two years and nine months: two years on Count 1, nine months on Count 4, and six months on Count 5. The trial court ordered appellant to serve Counts 1 and 4 consecutively; the trial court ordered Count 5 to run concurrently. The trial court ordered appellant to serve his two-year and nine-month prison sentence consecutively with his 60-day sentence in CR-15-600864-A.

**{¶7}** On June 15, 2016, appellant filed a pro se motion to withdraw his guilty plea. Therein, he asserted that (1) he pled guilty because counsel advised him that he would be sentenced to CBCF, (2) he did not see the videotape from the RTA train that captured the incident, and (3) the video footage clearly shows that he was actually innocent. Thus, appellant requested to withdraw his guilty plea and enter a plea of not guilty. The state filed a brief in opposition on June 22, 2016. On July 13, 2016, the trial court denied appellant's motion to withdraw his guilty plea without holding a hearing.

**{¶8}** On August 11, 2016, appellant filed a pro se motion to reconsider his plea withdrawal request. Therein, appellant appeared to argue that the state violated the terms of the plea agreement because he was not sentenced to CBCF, and that the video footage from the RTA train demonstrated that he was actually innocent. The state opposed appellant's motion for reconsideration on August 16, 2016. The trial court denied appellant's motion for reconsideration on August 16, 2016.

**{¶9}** On October 11, 2016, appellant filed a pro se motion to compel the trial court to issue findings of fact and conclusions of law regarding its denial of his motion to withdraw his guilty plea and motion for reconsideration. The trial court denied the motion to compel on

October 19, 2016.

{¶10} On December 29, 2016, appellant filed a petition for postconviction relief. Therein, appellant appeared to argue that the common pleas court lacked subject matter jurisdiction over the criminal proceedings.

{¶11} On December 30, 2016 and January 3, 2017, appellant filed petitions to vacate or set aside the judgment of conviction or sentence. In both petitions, appellant appeared to argue again that the common pleas court lacked subject matter jurisdiction over the criminal proceedings. The state filed a brief in opposition to appellant's petitions on January 9, 2017. The trial court denied appellant's petitions to vacate or set aside judgment on February 13, 2017.

{¶12} On January 17, 2017, appellant filed the instant appeal. He assigns four errors for review:

> I. Appellant's guilty plea to robbery was not voluntary and knowing due to ineffective assistance of counsel.
>
> II. The trial court abused its discretion in failing to vacate sua sponte appellant's guilty plea to robbery when the trial court became aware at the sentencing that appellant did not commit this offense.
>
> III. The trial court abused its discretion in denying appellant's post-sentence motion to withdraw his guilty plea without having an evidentiary hearing.
>
> IV. The trial court erred by convicting and sentencing appellant to consecutive sentences on allied offenses of similar import.

## II. Law and Analysis

### A. Guilty Plea

{¶13} Appellant's first, second, and third assignments of error pertain to his guilty plea on the robbery count.

## 1. Ineffective Assistance of Counsel

**{¶14}** In his first assignment of error, appellant argues that his guilty plea on the robbery count was not knowingly and voluntarily entered because his trial counsel provided ineffective assistance.

**{¶15}** In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonable representation, and (2) the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶16}** A defendant's failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." *Strickland* at *id*.

> A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim

only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

*State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30 (8th Dist.).

The prejudice inquiry in the context of a guilty plea requires a "nuanced analysis of all of the factors surrounding the plea decision," including the benefits associated with a plea, the possible punishments involved, the weight of the evidence against the defendant and any other special circumstances that might support or rebut a defendant's claim that he would have taken his chances at trial.

*State v. Mays*, 8th Dist. Cuyahoga No. 103785, 2016-Ohio-7481, ¶ 26, quoting *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-600, ¶ 16.

**{¶17}** In the instant matter, appellant appears to argue that counsel's performance was deficient because counsel advised him to plead guilty to robbery despite the fact that the video of the incident demonstrated that appellant was actually innocent. Appellant further asserts that counsel failed to show him the video before the change of plea hearing and that he did not know that the video "show[ing] that he was innocent of [the robbery] offense" existed. Appellant's brief at 5. Appellant contends that had he seen this video, he would not have pled guilty and would have elected to proceed to trial.

**{¶18}** Initially, we note that appellant's arguments are premised entirely on the assumption that the video of the incident unequivocally shows that he did not commit the offense of robbery. Appellant pled guilty to robbery in violation of R.C. 2911.02(A)(2), which provides, in relevant part, "[n]o person, in *attempting or committing a theft offense * * * shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]*" (Emphasis added.)

**{¶19}** Appellant emphasizes that the video does not show him taking or stealing anything from the victim. The video shows that appellant and the victim had an initial encounter while the train was moving. After this initial encounter, appellant walked to the other end of the train.

**{¶20}** Appellant approached the victim a second time while the train was still moving. Appellant waited for the train to stop and the doors to open, at which point he physically engaged the victim who was seated with his backpack.

**{¶21}** Even if, as appellant asserts, the video does not show him taking or stealing anything from the victim, we find that appellant's actions can be reasonably interpreted as an attempt to steal the victim's belongings. Appellant was holding what appeared to be an umbrella in his right hand, and he pointed the umbrella at the victim several times during both encounters. The umbrella was in appellant's hand when he forcibly removed the victim from his seat, dragged him across the floor of the train, and pulled him onto the platform outside of the train.

**{¶22}** During both encounters, the victim was sitting down with his bag or backpack. The victim's bag was either directly next to him on the seat, or partially underneath the victim. The victim appeared to be guarding his bag during the encounters with appellant.

**{¶23}** It is possible that appellant contemplated removing the victim from the train and staying on the train with the victim's backpack, but was unable to do so when the victim struggled to stay in his seat and on the train, which caused a commotion that attracted the attention of the other passengers. It is possible that appellant contemplated grabbing the victim's bag and jumping off the train, but was unable to do so based on the way that the victim was guarding the bag. It is possible that appellant intended to rob the victim, but changed his mind when the victim did not comply and one of the passengers on the train alerted the police.

Accordingly, we find that appellant's actions during the incident can certainly be construed as an attempt to rob the victim.

{¶24} Furthermore, during the sentencing hearing, the victim asserted that he was certain that appellant's objective in attacking him was to grab and take his belongings. The victim explained that he did, in fact, lose his cell phone during the struggle with appellant and opined that he would have also lost his wallet but for the fact that he had it hidden.

{¶25} Although appellant suggests that he did not see the video of the incident until it was played during the sentencing hearing, appellant did not allege that he had not seen the video or that counsel failed to inform him of the video after it was played in open court. Furthermore, after the video was played in open court, appellant did not protest his innocence or orally move to withdraw his guilty plea.

{¶26} The record reflects that the state produced the video on December 22, 2015, in its response to defense counsel's request for discovery. Appellant did not plead guilty until more than two months later.

{¶27} After reviewing the record, we cannot say that appellant's counsel's representation fell below an objective standard of reasonableness. The record reflects that counsel advocated on appellant's behalf in an effort to negotiate a favorable plea agreement. Appellant's counsel did, in fact, negotiate a favorable plea agreement for appellant under which two third-degree felonies and a fifth-degree felony were nolled, and the first-degree felony kidnapping count was amended to third-degree felony abduction.

{¶28} We cannot say that counsel provided ineffective assistance by recommending that appellant plead guilty rather than proceeding to trial. After the parties exchanged discovery and defense counsel reviewed the state's evidence against appellant, including the video of the

incident, defense counsel could have reasonably determined that appellant's actions supported the elements of the robbery offense and that appellant was better off pleading guilty than taking his chances at trial.

{¶29} We find no merit to appellant's assertion that his plea was not knowingly and voluntarily entered. The record reflects that the trial court fully complied with Crim.R. 11 in ensuring that appellant's guilty plea was knowingly, intelligently, and voluntarily entered. When appellant informed the trial court about the medication that he takes, the trial court confirmed that the medication did not affect appellant's ability to understand the nature of the proceedings. Appellant confirmed that he was thinking clearly, no one had threatened him to enter the plea or promised him anything specific if he pled guilty, and that he was entering the plea voluntarily.

{¶30} The trial court advised appellant of his constitutional rights and explained that he was waiving these rights by pleading guilty. The trial court advised appellant of the nature of the charges and the potential penalties. The trial court explained that the robbery, abduction, and drug possession offenses were not allied offenses of similar import, and thus, they would not merge for sentencing purposes. Finally, the trial court confirmed that appellant had enough time with counsel and that he was satisfied with counsel's representation.

{¶31} Based on the foregoing analysis, appellant cannot demonstrate a reasonable probability that but for counsel's alleged deficient performance, he would not have pled guilty to robbery and instead would have insisted on going to trial. Appellant's first assignment of error is overruled.

## 2. Sua Sponte Vacating Plea

{¶32} In his second assignment of error, appellant argues that the trial court abused its

discretion by failing to vacate, sua sponte, his guilty plea on the robbery count after viewing the video of the incident. Appellant argues that the trial court should have sua sponte vacated his guilty plea on the robbery count pursuant to Crim.R. 32.1 to correct a manifest injustice. He asserts that the video demonstrated that he did not commit the offense of robbery, and that the video footage, coupled with his statement at sentencing that he did not intend to rob the victim, should have "alerted" the trial court that his guilty plea on the robbery count was invalid. We disagree.

{¶33} As an initial matter, we note that appellant did not assert that he did not intend to rob the victim during the sentencing hearing. Appellant's brief states that during the sentencing hearing, he "mentioned that he 'did not mean' to rob the victim." Appellant's brief at 6. This assertion is taken out of context. Appellant did not assert that he did not mean to rob the victim — he asserted, "I really didn't mean *that*[,]" referring generally to the incident in its entirety, rather than his intent with respect to the robbery count. (Emphasis added.) (Tr. 49.)

{¶34} In support of his argument that the trial court should have sua sponte vacated his guilty on the robbery charge, appellant directs this court to the trial court's description of the video footage. After viewing the video, the trial court stated:

> The record should reflect that the Court did, in fact, review the videotape of the incident on the RTA train just now during the sentencing and so the Court got a good look at the specifics of this incident and should describe it as the defendant — basically, [the victim] was minding his own business seated on the RTA train and [appellant] approached him twice, initially just must have said something to him, went to a different place on the train, came back and physically went at [the victim] and grabbed him and started pulling him from his seat.
>
> [The victim] is clear on the tape was trying to hold onto the seat to avoid being dragged out by [appellant]. [The victim] was unable to maintain his position on the seat as [appellant] overpowered him, pulled him from the seat, pulled him on to the floor of the train and then out the door onto the platform. And during that process, [the victim's] prosthetic leg came off as well. That's clearly seen in the

video.

And so the Court just wanted to place that on the record in terms of part of the basis for the sentencing associated with [appellant].

(Tr. 55-56.)

{¶35} Appellant appears to suggest that the trial court should have vacated his guilty plea on the robbery count because the court did not specifically describe observing a robbery in the video.   Appellant's argument is misplaced.

{¶36} As noted above, the robbery offense to which appellant pled guilty requires the offender to commit or *attempt to commit* a theft offense.   Furthermore, appellant fails to consider the victim's statement during the sentencing hearing.   The victim asserted that he was certain that appellant's objective in attacking him was to grab and take his belongings.   The victim informed the trial court that he lost his cell phone during the struggle with appellant. The victim appeared to suggest that appellant would have taken his wallet but for the fact that it was "hidden."   (Tr. 53.)   Appellant also fails to consider the prosecutor's statement at sentencing.   The prosecutor asserted that appellant was trying to rob the victim.   (Tr. 55.) The trial court indicated that it considered the oral statements, including the victim's and the prosecutor's statements, made during the sentencing hearing.

{¶37} Based on the foregoing analysis, we cannot say that the trial court abused its discretion in failing to vacate, sua sponte, appellant's guilty plea on the robbery count. Appellant's second assignment of error is overruled.

### 3. Evidentiary Hearing

{¶38} In his third assignment of error, appellant argues that the trial court abused its discretion by denying his postsentence motion to withdraw his guilty plea without holding an

evidentiary hearing.

{¶39} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11, citing *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4761, ¶ 7. "A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Vihtelic* at *id.*, citing *Chandler* at *id.*, and *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 23. We review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *Vihtelic* at *id.*

> Under Crim.R. 32.1, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. This heightened standard is in place because "a defendant should not be encouraged to plead to test the potential punishment and withdraw the plea if the sentence is unexpectedly severe." *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 18.

*State v. Colon*, 8th Dist. Cuyahoga No. 104944, 2017-Ohio-8478, ¶ 7. The determination of whether a defendant has demonstrated a manifest injustice is left to the sound discretion of the trial court. *Colon* at ¶ 9, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984), *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus, and *Jaber* at ¶ 17. We review a trial court's determination of whether a defendant demonstrated a manifest injustice for an abuse of discretion. *Colon* at *id.*, citing *Blatnik* at 202.

{¶40} In the instant matter, appellant argues that he should have been permitted to withdraw his guilty plea because (1) he did not see the video of the incident before pleading guilty, (2) the video demonstrated that he did not commit the offense of robbery because he did

not attempt to rob the victim and did not take anything from the victim, (3) had he seen the video of the incident, he would not have pled guilty, and (4) defense counsel promised that he would be placed in the CBCF program if he pled guilty. Appellant further asserts that "[i]f defense counsel failed to show the video to [him], his plea was invalid because it was not knowing and voluntary." Appellant's brief at 9.

{¶41} After reviewing the record, we find that appellant failed to meet his burden of demonstrating the existence of a manifest injustice. As noted above, when the video of the incident was played during the sentencing hearing, appellant did not allege that he had not seen the video or that counsel failed to inform him that the video existed. Furthermore, appellant did not protest his innocence or orally move to withdraw his guilty plea after viewing the video.

{¶42} We find no merit to appellant's argument that the video "show[ed] that [he] did not commit robbery[.]" Appellant's brief at 7. Even if, as appellant asserts, the video revealed that "he did not steal or take anything from the victim," appellant's conduct during the incident can be reasonably interpreted as an attempt to do so.

{¶43} Appellant's assertion that his counsel promised that he would be placed in the CBCF program if he pled guilty is unsupported by the record. During the change of plea hearing, when the trial court asked appellant if "anyone promised you anything specifically if you enter your plea," appellant confirmed that no one promised him anything specific. (Tr. 17.) Furthermore, appellant confirmed that he was entering the plea voluntarily.

{¶44} During the change of plea hearing, the trial court advised appellant about the nature of the charges against him and the potential penalties. Regarding the second-degree felony robbery offense charged in Count 1, the trial court advised appellant that there was a presumption in favor of prison. When appellant's counsel requested a CBCF referral at the close of the

change of plea hearing, the trial court explained that counsel's request for CBCF does not guarantee placement in CBCF. (Tr. 39.) During the sentencing hearing, defense counsel acknowledged that the CBCF referral concluded that appellant was "high risk." (Tr. 48.)

{¶45} Even if appellant's counsel had, in fact, led appellant to believe that he would be placed in the CBCF program, this court has held that "a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel." *State v. Durrette*, 8th Dist. Cuyahoga No. 104050, 2017-Ohio-7314, ¶ 17, citing *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 11, and *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073.

{¶46} Finally, in his motion to withdraw his guilty plea, appellant asserted that he only spoke with his attorney two times while he was in jail. However, during the change of plea hearing, appellant confirmed that he had enough time with counsel and that he was satisfied with counsel's representation.

{¶47} Appellant has not alleged any facts that could reasonably support the conclusion that withdrawal of his guilty plea was necessary to correct a manifest injustice. Accordingly, the trial court did not abuse its discretion in denying appellant's postsentence motion to withdraw his guilty plea without a hearing. Appellant's third assignment of error is overruled.

**B. Sentence**

{¶48} In his fourth assignment of error, appellant argues that the trial court erred by imposing consecutive sentences on his robbery and abduction convictions because they are allied offenses of similar import.

> R.C. 2941.25(A) allows only a single conviction for conduct that constitutes "allied offenses of similar import." However, under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the

offenses if any one of the following is true:   (1) the offenses are dissimilar in import or significance, i.e., each offense caused separate, identifiable harm, (2) the offenses were committed separately or (3) the offenses were committed with separate animus or motivation.   *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13, 25, 31.

*State v. Bridges*, 8th Dist. Cuyahoga No. 105547, 2017-Ohio-8579, ¶ 21.

**{¶49}** Initially, we note that the record reflects that appellant waived any allied offenses issue.   During the change of plea hearing, the trial court stated that the robbery, abduction, and drug possession counts were not allied offenses of similar import, and thus, they would not merge for sentencing purposes.   Both the prosecution and defense counsel agreed.   (Tr. 29.)   Furthermore, during the sentencing hearing, the prosecution argued that the robbery and abduction counts were separate acts that should not merge for sentencing purposes.   The trial court agreed with the state's argument that the robbery and abduction counts should not merge for sentencing purposes because they were not allied offenses of similar import.   "Where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived."   *Bridges* at ¶ 22, citing *State v. Allison*, 8th Dist. Cuyahoga No. 105212, 2017-Ohio-7720, ¶ 32, and *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 18 (8th Dist.).

**{¶50}** Even if appellant had not waived the issue of allied offenses, no objection was raised when the trial court imposed a sentence on both the robbery and abduction counts.   Thus, appellant has forfeited all but plain error.   *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, 21 (a defendant who fails to raise an allied offense issue in the trial court forfeits all but plain error); *State v. Clarke*, 8th Dist. Cuyahoga No. 105047, 2017-Ohio-8226, ¶ 26-27.   "A forfeited error is not reversible error unless it affected the outcome of the proceedings and reversal is necessary to correct a manifest miscarriage of

justice." *State v. Amison*, 8th Dist. Cuyahoga No. 104728, 2017-Ohio-2856, ¶ 4. If a defendant fails to raise the issue of allied offenses at the trial court level, "the burden is solely on that defendant, not on the state or the trial court, to 'demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus.'" *State v. Locke*, 8th Dist. Cuyahoga No. 102371, 2015-Ohio-3349, ¶ 20, quoting *Rogers* at ¶ 3.

**{¶51}** In the instant matter, we cannot say that the trial court committed plain error in failing to merge the robbery and abduction counts for sentencing purposes because the offenses caused separate, identifiable harm. The resulting harm of the robbery offense was the victim's loss of his cell phone. Regarding the abduction offense, the victim explained that he was devastated and horrified by appellant's actions of pulling him from his seat, dragging him across the floor of the train while he attempted to hold on, and removing him from the train onto the platform outside.

**{¶52}** Based on the foregoing analysis, we find that the trial court did not err when it did not merge the robbery and abduction counts and imposed consecutive sentences for the two offenses of dissimilar import. Accordingly, appellant's fourth assignment of error is overruled.

### III. Conclusion

**{¶53}** After thoroughly reviewing the record, we find that appellant was not denied his constitutional right to the effective assistance of counsel, and appellant failed to demonstrate a reasonable probability that but for counsel's alleged deficient performance, he would not have pled guilty to robbery and instead would have insisted on going to trial. The trial court did not abuse its discretion in failing to vacate, sua sponte, appellant's guilty plea on the robbery count. The trial court did not abuse its discretion in denying appellant's postsentence motion to

withdraw his guilty plea without a hearing. The trial court did not err by imposing consecutive sentences on the robbery and abduction counts.

{¶54} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, SR., J., CONCUR