**[Cite as *State v. Hawke*, 2020-Ohio-511.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2019-CA-24 and |
| | : | 2019-CA-25 |
| v. | : | |
| | : | Trial Court Case Nos. 2018-CR-1031 |
| DAVID A. HAWKE | : | and 2019-CR-46 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 14th day of February, 2020.

. . . . . . . . . . .

MARCY VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

BEN M. SWIFT, Atty. Reg. No. 0065745, P.O. Box 49637, Dayton, Ohio 45449
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant David A. Hawke appeals from a judgment of the Greene County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons that follow, we conclude that the trial court did not abuse its discretion in denying the motion. Accordingly, the judgment is affirmed.

## I.     Facts and Procedural Background

{¶ 2} On December 21, 2018, Hawke was indicted on four counts of identity fraud in violation of R.C. 2913.49(B)(2) and two counts of forgery in violation of R.C. 2913.31(A)(3) in Greene C.P. No. 2018-CR-1031. On January 25, 2019, Hawke was indicted in Greene C.P. No. 2019-CR-46 on one count of identity fraud in violation of R.C. 2913.49(B)(2) and one count of receiving stolen property in violation of R.C. 2913.51(A).

{¶ 3} Following negotiations, a plea agreement was reached whereby Hawke agreed to plead guilty to two counts of identity fraud in Case No. 2018-CR-1031 and one count of identity fraud in Case No. 2019-CR-46. In exchange, the State agreed to dismiss the remaining five counts and to recommend a two-year prison term.

{¶ 4} A plea hearing was conducted on March 1, 2019. At that time, the trial court informed Hawke of the charges against him, the maximum sentence that he faced, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked Hawke whether he understood what he was doing and whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement. Hawke responded to these questions in the affirmative. Hawke acknowledged that he had discussed his case with his attorney, including the facts relevant to the offenses with which he was charged and his potential

defenses. Hawke stated that his attorney had gone over the plea forms with him and that he was "extremely" satisfied with his attorney's representation. Plea Tr. p. 6. The trial court discussed prison, post-release control and community control sanctions. Thereafter, the trial court accepted the plea and determined that Hawke had entered into the agreement knowingly, voluntarily and intelligently. A sentencing hearing was scheduled for April 26, 2019.

{¶ 5} On the day of the sentencing hearing, the prosecutor and defense counsel were in the trial court's chambers when the judge indicated his intent to impose a three-year sentence rather than the recommended two-year sentence. Afterward, defense counsel informed Hawke of the in-chambers discussion. When the hearing started, defense counsel informed the trial court that Hawke wished to withdraw his plea and to obtain new counsel. The trial court stated it would treat the matter as an oral motion to withdraw the plea and would immediately hear arguments and testimony related to the motion.

{¶ 6} The trial court and Hawke engaged in a colloquy during which Hawke explained that he believed a three-year sentence was not "appropriate" because he did not "destroy anybody's life." Sent. Tr. p. 7. Hawke noted he had cooperated with law enforcement, and he stated he believed that he was being "crucified because they did not catch" another person involved with the offense. Sent Tr. p. 8. He also claimed he had not been provided with a copy of his discovery packet and had only met with counsel a few times. He noted that he was a drug addict and stated he had been admitted into a "six-month program" in Columbus. Sent. Tr. p. 7-8. Finally, he claimed his attorney told him he would receive a two-year sentence.

{¶ 7} The trial court then noted it had clearly informed Hawke that it was not bound by the two-year sentence recommendation. Hawke admitted the court had so informed him, but stated his attorney had told him the sentence would be limited to two years. The court again reminded Hawke that it had informed him it was not bound by any sentence agreement, and Hawke again acknowledged he was aware of that admonition at the time of the plea. Hawke also admitted that the claimed guarantee of a two-year sentence made by his attorney occurred after the plea hearing was concluded.

{¶ 8} The trial judge denied the motion to withdraw the plea, stating that Hawke was never promised a two-year prison sentence, and further that when he entered his plea he was told that his sentence would be at the sentencing judge's discretion.

{¶ 9} Hawke appeals.

## II. Analysis

{¶ 10} Hawke's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED HAWK'S [SIC] MOTION TO WITHDRAW HIS PLEA BECAUSE IT WAS NOT VOLUNTARILY, INTELLIGENTLY, OR KNOWINGLY ENTERED.

{¶ 11} Hawke asserts the trial court abused its discretion when it overruled his motion to withdraw his guilty plea. In support, he argues the trial court erred by failing to conduct a hearing. Additionally, while not expressly argued, Hawke's assignment of error implicitly claims the trial court did not comply with Crim.R. 11.

{¶ 12} The Rules of Criminal Procedure permit a defendant to withdraw a guilty plea. Such a withdrawal is governed by Crim.R. 32.1, which states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 13} A presentence motion to withdraw a guilty plea should be freely and liberally granted, but a postsentence motion to withdraw a guilty plea requires a showing of manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "A manifest injustice is a clear or openly unjust act; an extraordinary and fundamental flaw in the plea proceeding." (Citation omitted.) *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996 (8th Dist.), ¶ 8. Thus, "[w]ithdrawal of a guilty plea after sentencing is permitted only in 'extraordinary cases.' " *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 8, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 14} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Yapp* at ¶ 9, citing *Smith* at paragraph two of the syllabus. "Consequently, an appellate court's review of a trial court's denial of a postsentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion." (Citations omitted.) *Id.* "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ents., Inc. v. River Place Community Urban*

*Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 15} This court has consistently held that a motion made after a defendant has learned of the imminent sentence is considered to be made postsentence. *McComb* at ¶ 7. This is consistent with the objective of the stricter manifest-injustice standard for postsentence motions, which is aimed at discouraging defendants "from pleading guilty to test the weight of potential reprisal, and later withdraw[ing] the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

{¶ 16} In this case, the record demonstrates Hawke learned of the trial court's sentencing decision prior to the sentencing hearing. Thus, his motion was appropriately treated as a postsentence motion, thereby triggering the stricter manifest injustice standard.

{¶ 17} Hawke argues that he should have been permitted to withdraw his guilty plea because he was not provided with his discovery packet and had only met with counsel a few times. The trial court was in the best position to assess this claim, and we cannot say that it constituted an abuse of discretion to give it no credence since Hawke, during the plea hearing, confirmed he had had enough time with counsel, had thoroughly discussed his case with counsel, and was satisfied with counsel's representation. Additionally, the fact that he cooperated with authorities and had a drug addiction were matters he was aware of at the time of the plea. Also, his claim that he had gained admittance to a "six-month program" was of no relevance since he was aware, at the time of the plea, he would be sentenced to at least a two-year sentence. Finally, Hawke's claim that counsel led him to believe that he would receive only a two-year sentence

would be troublesome were it not for the fact Hawke admitted counsel made the alleged statement after the plea hearing was concluded. Thus, we cannot say that the plea was induced by any promise made by counsel.

{¶ 18} A review of the record leads us to agree with the trial court that Hawke merely had a change of heart upon learning that the trial court intended to sentence him to three years in prison. The record makes it very clear that, on the day of the sentencing hearing, the trial court informed counsel of its decision to issue a three-year sentence rather than the two-year recommended sentence. It is also clear that counsel then conferred with Hawke just prior to the hearing and informed him of the trial court's decision. Only then did Hawke desire to withdraw his plea. Thus, we conclude that Hawke has failed to demonstrate a manifest injustice necessitating the withdrawal of his plea and that the trial court did not abuse its discretion in denying the motion.

{¶ 19} We also conclude that the trial court did not err by failing to hold a separate evidentiary hearing on the motion. A hearing on a postsentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6. *Accord State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813, ¶ 20; *State v. Chandler*, 2018-Ohio-1081, 109 N.E.3d 616 (8th Dist.). The trial court did consider the motion and heard arguments from Hawke. However, as stated, the facts relied upon by Hawke in support of his motion did not demonstrate manifest injustice.

{¶ 20} Finally, we address the implicit claim that the trial court failed to conduct a proper hearing on the plea. In order to satisfy the requirements of due process, a guilty

plea must be knowingly, intelligently, and voluntarily made. *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Compliance with the procedures mandated by Crim.R. 11(C) when a defendant enters a plea of guilty or no contest to a felony charge, absent any indicia of coercion, creates a presumption that the plea was knowing, intelligent, and voluntary." *State v. Ogletree*, 2d Dist. Montgomery No. 21995, 2008-Ohio-772, ¶ 7. "Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 21} Other than the claims raised in his motion to withdraw his plea, Hawke does not actually make an argument to support his claim that his plea was not made knowingly, voluntarily and intelligently. Further, he does not point to any portion of the plea hearing to support a claim that the trial court failed to comply with the mandates of Crim.R. 11. Based upon our review of the record as set forth above, we conclude the trial court did comply with Crim.R. 11. We further conclude the trial court did not err when it found Hawke knowingly, intelligently, and voluntarily entered into the plea agreement.

{¶ 22} Hawke has not alleged any facts to reasonably support his claim that withdrawal of his guilty plea was necessary to correct a manifest injustice. Accordingly, the trial court did not abuse its discretion in denying the postsentence motion to withdraw the guilty plea without a hearing.

**{¶ 23}** Hawke's assignment of error is overruled.


## III.  Conclusion

**{¶ 24}** Hawke's sole assignment of error being overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.



Copies sent to:

Marcy Vonderwell
Ben M. Swift
Hon. Stephen Wolaver