**The STATE of Ohio, Appellant,**

**v.**

**PRESTON, Appellee.**

[Cite as *State v. Preston,* 155 Ohio App.3d 367, 2003-Ohio-6187.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–401.

Decided Nov. 20, 2003.

Ron O'Brien, Franklin County Prosecuting Attorney, Steven L. Taylor and Seth L. Gilbert, Assistant Prosecuting Attorneys, for appellant.

Fusco, Mackey, Mathews, Smith & Watkins, L.L.P., and Gregory B. Mathews, for appellee.

Klatt, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas that placed defendant-appellee, Gary H. Preston, on community control after he pled guilty to one count of theft in violation of R.C. 2913.02. Because the trial court erred by imposing community control sanctions without considering a presentence investigation report, we reverse the trial court's judgment and remand this matter for resentencing.

{¶ 2} By a bill of information filed February 10, 2003, appellee was charged with one count of theft in violation of R.C. 2913.02, a felony of the third degree. On March 7, 2003, appellee appeared before the trial court to enter a guilty plea to that charge. The state requested a short delay before imposition of sentence to allow the parties to arrive at a joint sentencing recommendation and for the preparation of a presentence investigation report ("PSI"). The trial court refused to delay appellee's sentencing, noting that, given his offense and clean record, a prison term would not be justified and that the imposition of community control sanctions was the likely sentence in this case. The state then requested a delay so that the victims in the case could be notified and present when appellee was sentenced. The trial court again refused the state's request, noting that it was the state's responsibility to make sure victims were notified of appellee's sentencing date. The state then requested the preparation of a PSI. At that point, the trial court decided to postpone the entry of appellee's guilty plea to allow the state to notify the victims of appellee's sentencing date. The state then informed the trial court that a PSI was required in this case. The trial court disagreed, believing that a PSI was not required. At the conclusion of the hearing, the trial court allowed for a short delay to allow the state to notify the victims of appellee's sentencing date.

{¶ 3} Appellee next appeared before the court on March 26, 2003. By that time, the parties had agreed to a joint sentencing recommendation for appellee of community control sanctions for five years, including six months of incarceration with work release. At this hearing, the trial court again reiterated that it was not required to order a PSI and stated its belief that the state sought a PSI only as a delaying tactic. After the trial court accepted appellee's guilty plea, it followed the parties recommended sentence in part and imposed community

control sanctions for five years. However, the trial court did not order any period of incarceration.

{¶ 4} Appellant appeals, assigning the following assignment of error:

"The trial court violated R.C. 2951.03 by placing defendant under a community control sanction without ordering a presentencing investigation."

{¶ 5} R.C. 2951.03(A)(1) provides:

"No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court. * * *"

{¶ 6} Appellee pled guilty to one count of theft in violation of R.C. 2913.02, a felony of the third degree. Because appellee pled guilty to a felony, the trial court could not impose a community control sanction in this case without considering a PSI. R.C. 2951.03; *State v. Mitchell* (2001), 141 Ohio App.3d 770, 771–772, 753 N.E.2d 284; *State v. Gilliam* (June 10, 1999), Lawrence App. No. 98 CA 30, 1999 WL 740248; see, also, Crim.R. 32.2. The trial court did not consider a PSI before it placed appellee on community control.

{¶ 7} The trial court's sentencing entry indicates that the parties waived the consideration of a PSI. However, there is no indication in the record that appellant waived a PSI. In fact, appellant specifically requested the preparation of a PSI. Moreover, even if the parties waived the consideration of a PSI, R.C. 2951.03 prohibits the trial court from imposing community control sanctions without considering a PSI. *Gilliam,* supra. Therefore, regardless of whether there was a waiver, the trial court could not impose community control sanctions without considering a PSI.

{¶ 8} It is clear from the record that the trial court believed that a PSI was not required to impose community control sanctions. The trial court was mistaken and violated R.C. 2951.03 when it imposed community control sanctions on appellee without considering a PSI. Accordingly, appellant's assignment of error is sustained, and the judgment of the trial court is reversed and this matter is remanded for resentencing.

Judgment reversed
and cause remanded.

LAZARUS and BROWN, JJ., concur.