DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals a judgment of conviction and sentence for marijuana cultivation and possession of chemicals to manufacture a controlled substance entered on a guilty plea in the Wood County Court of Common Pleas.
 {¶ 2} In 2002, Rachel Johnson summoned medical assistance to the Wood County home she shared with appellant, Thomas Ferbrache. Johnson was seriously PGage 2injured. She told medical technicians that her injuries were the result of having been kicked by appellant.
 {¶ 3} When sheriffs deputies went to appellant's house to arrest him, they noted a strong odor of marijuana in the house. After obtaining a warrant, they searched appellant's house, discovering a "grow room" containing a large quantity of growing and curing marijuana plants.
 {¶ 4} Appellant was charged in two separate indictments: the first alleging felonious assault, a second degree felony, and marijuana possession; the second indictment charged illegal marijuana cultivation and possession of chemicals to manufacture a controlled substance, both third degree felonies. Appellant pled not guilty and moved to suppress evidence, but abandoned the motion, instead accepting a plea agreement wherein he pled guilty to felonious assault,[1] cultivation and chemical possession in return for the state's dismissal of one count of possession and a recommendation for a four year term of incarceration.
 {¶ 5} Following a change of plea hearing, the court accepted appellant's plea. Appellant waived a presentence investigation and requested to be sentenced immediately. The court sentenced appellant to a four year term of incarceration on each of the three counts to which he had pled and ordered the sentences to be served concurrently. *Page 3 
 {¶ 6} From this judgment, appellant now brings this appeal.
 {¶ 7} Appellant's appointed counsel has filed a motion to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738. Counsel states that she has thoroughly reviewed the record and is unable to identify any arguably meritorious issue for appeal. In conformity withAnders, counsel has filed a brief in which she discusses two areas of potential error she has considered, yet rejected as unsupported in the record. A copy of appellant's brief has been provided to appellant, along with correspondence advising him of his right to submit his own brief. Appellant has filed no brief in this matter.
 {¶ 8} Appellate counsel sets forth the following two potential assignments of error:
 {¶ 9} "I. The defendant-appellant plea was not voluntarily and knowingly given where he was not advised as to the appellate rights he would be waiving, when he entered into the same plea.
 {¶ 10} "II. The trial court failed to give proper consideration to the sentencing factors set forth in RC. 2929.11, et seq. for the sentencing of the defendant-appellant."
 I. Guilty Plea {¶ 11} We have carefully reviewed the transcript of the change of plea hearing in this matter and find it to have been wholly in conformity with Crim.R. 11 and without any indicia of coercion. Appellant was advised of his rights both orally and in writing and waived these rights both orally and in writing. On this record, we concur with counsel that this potential assignment of error is without merit. *Page 4 
 II. Sentencing {¶ 12} R.C. 2929.12(A) directs a sentencing court to consider the factors contained in R.C. 2929.12(B) through (E) in determining whether the sentence imposed complies with the principles and purposes of felony sentencing as articulated in R.C. 2929.11. There is, however, no specific language or findings on the record mandated to reflect this consideration. State v. Arnett (2000), 88 Ohio St.3d 208, 215. A fair reading of the plea hearing reveals that the facts relating to virtually all of these factors were before the court. Moreover, since appellant elected to proceed directly to sentencing without a presentence investigation, community control was not an option. R.C. 2951.03(A)(1);State v. Preston, 155 Ohio App.3d 367, 369, 2003-Ohio-6187, ¶ 4-8. Again, we concur with appellate counsel that this potential assignment of error is without merit.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.
 {¶ 14} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Although heard together in the trial court, the cases arising from the separate indictments were never consolidated. On appeal, appellant, pro se, filed only one notice of appeal. Pursuant to 6th Dist.Loc.App.R. 3(A), we dismissed the case earliest in time. As a result, the appellant's conviction and sentence for felonious assault is not before us. *Page 1