OPINION
{¶ 1} Defendant, Mallalieu Ogletree, appeals from his conviction and sentence for operating a motor vehicle so as to willfully flee from a police officer after receiving a signal to stop, when his operation of the vehicle proximately caused serious physical harm to persons or property, a third degreex *Page 2 
felony. R.C. 2921.331(B), (C)(5)(a)(i). Defendant entered a plea of no contest to the charge.
 {¶ 2} The court imposed a one-year prison term, the minimum term available for a third degree felony, R.C. 2929.14(A)(3), and suspended Ogletree's operating privileges for one year. The court also ordered Ogletree to pay restitution in the amount of $8,670 to the victim whose property was damaged as a proximate result of Ogletree's offense, which arose from a collision in the course of a police pursuit of Ogletree's vehicle.
 {¶ 3} Ogletree filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "MR. OGLETREE'S CONSTITUTIONAL RIGHTS WERE VIOLATED BECAUSE HIS PLEA WAS NOT INFORMED OR VOLUNTARY."
 {¶ 5} Defendant argues that because in accepting his no contest plea the trial court failed to inform him of his right to file a pretrial motion to suppress the evidence, his plea of no contest was less than knowing and voluntary.
 {¶ 6} The constitutional rights which a plea of guilty or no contest waives are the defendant's privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. Boykin v. Alabama (1969), 395 U.S. 238, *Page 3 89 S.Ct. 1709, 23 L.Ed.2d 274; State v. Ballard (1981),66 Ohio St.2d 473. Because a plea of no contest waives the defendant's right to a trial, being an admission of the truth of the facts alleged in the indictment, Crim.R. 11(B)(2), the plea extinguishes the defendant's right to file a pretrial motion to suppress evidence authorized by Crim.R. 12(C)(3).
 {¶ 7} A waiver of defendant's constitutional right to trial must be knowing, intelligent, and voluntary. State v. Engle, 74 Ohio St.3d 525,1996-Ohio-179. Compliance with the procedures mandated by Crim.R. 11(C) when a defendant enters a plea of guilty or no contest to a felony charge, absent any indicia of coercion, creates a presumption that the plea was knowing, intelligent, and voluntary. State v. Ferbrache, Wood App. No. WD-06-042, 2007-Ohio-746.
 {¶ 8} Ogletree does not argue that his no contest plea was coerced. His review of the plea proceeding demonstrates that the court fully complied with Crim.R. 11(C), which included a determination that Ogletree understood that he was waiving his right to trial. That waiver extinguished his right to file a pretrial motion to suppress evidence. Crim.R. 11(C) does not identify that as a matter of which a defendant must or should be advised. Ogletree's argument is without merit.
 {¶ 9} The first assignment of error is overruled. *Page 4 
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT SENTENCED MR. OGLETREE TO ONE YEAR IN PRISON PLUS $8,670 IN RESTITUTION."
 {¶ 11} Defendant argues that the trial court erred in sentencing him to a prison term rather than community control sanctions.
 {¶ 12} Defendant was convicted of a third degree felony for which the possible penalty is one to five years in prison. R.C. 2929.14(A)(3). Before sentencing Defendant, the trial court considered the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12. The trial court sentenced Defendant to one year in prison, the minimum term available. The court observed that this was Defendant's sixth felony, and that he had been to prison four times previously. The court noted that Defendant's offense not only put his own safety at risk, but that of the police officers and the public as well.
 {¶ 13} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the appellate court's standard of review when examining felony sentences is an abuse of discretion. State v. Slone (January 12, 2007), Greene App. No. 2005CA79, 2007-Ohio-130. That standard connotes more than a mere error of law or an *Page 5 
error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the permissible range authorized by R.C.2929.14(A). State v. Cowan, 167 Ohio App.3d 233, 2006-Ohio-3191, at ¶ 22.
 {¶ 14} Per Foster, the trial court had full discretion to impose any sentence within the statutory authorized range of punishments for felonies of the third degree, and the court was not required to make any findings or give its reasons for the sentence it selected. The trial court's one year sentence was neither contrary to law nor an abuse of discretion. Furthermore, pursuant to R.C. 2929.18(A)(1), the trial court was authorized to impose financial sanctions upon Defendant including restitution based upon the victim's economic loss.
 {¶ 15} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
 Fain, J. and Donovan, J., concur. *Page 1