[Cite as *State v. Pierce*, 2019-Ohio-467.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA11 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ISAAC J. PIERCE, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 02/06/19** |

_____

APPEARANCES:

Robert W. Bright, Middleport, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for
Appellee.

_____

McFarland, J.

{¶1} Isaac J. Pierce appeals the November 3, 2015 judgment entry of
the Meigs County Common Pleas Court. Appellant had previously entered
guilty pleas to felonious assault, aggravated burglary, and violation of
protection order. On appeal, Appellant asserts that (1) the trial court erred in
imposing sentence because his sentence is void, in part; and (2) the trial
court erred by denying his motion for judgment on the pleadings. Upon
review, we find Appellant's first assignment of error has merit.

Accordingly, we vacate the judgment of the trial court, as to the sentence, and remand the matter for re-sentencing consistent with this opinion.

FACTS

{¶2} On June 22, 2015, Appellant was indicted on five counts: (1) felonious assault, R.C. 2903.11(A)(2); (2) aggravated burglary, R.C. 2911.11(A)(2); (3) child endangering, R.C. 2919.22(A); (4) disrupting public services, R.C. 2904.04(A)(1); and (5) violating a protection order, R.C. 2919.26 or 3113.31. The indictment stemmed from events which occurred on or about June 1, 2015, when Appellant was alleged to have entered a dwelling where his ex-partner (the mother of his children) and another male were sleeping and inflicted injury on the male. Appellant subsequently entered pleas to felonious assault, aggravated burglary, and violating a protection order.[1]

{¶3} The October 30, 2015 sentencing transcript reflects the parties presented the trial court with a plea agreement. The trial court explained to Appellant that it was not bound by the sentencing recommendation and also stated its intent to follow the Plea Agreement. The State then summarized the Plea Agreement on the record and Appellant's counsel acknowledged it was set forth correctly.

---

[1] Counts three and four were dismissed without prejudice, pursuant to the plea agreement.

{¶4} The transcript also reflects the trial court engaged in required colloquy as to Appellant's constitutional rights and voluntariness of his pleas. The court then announced its intention to procced to sentencing unless there was an objection. Appellant's counsel made no objection and actually requested the court to proceed to sentencing. The judgment entry of sentence is file-stamped November 3, 2015. The entry contains the following language:

> "The Court has considered the record, any oral statements, any victim impact statement, any plea agreement, any victim approval, and *any pre-sentence report prepared*, as we as the principles and purposes or sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors Ohio Revised Code Section 2929.12." (Emphasis added.)

The relevant portions of Appellant's sentence are set forth as follows:

> "IT IS THEREFORE ORDERED, that the Defendant be sentenced to the Ohio Department of Rehabilitation and Correction for a period of thirty-six (36) months for Count Five, Violating a Protection Order, * * * a felony of the third degree.
>
> IT IS THEREFORE ORDERED, as to Count One, Felonious Assault * * * a felony of the second degree and Count Two, Aggravated Burglary, * * * a felony of the first degree, that the Defendant be sentenced to five (5) years of community control, with an underlying sentence of five (5) years on each count. Defendant is subject to the general supervision and control of the Meigs County Community Corrections Program * * *. Defendant is Ordered to report to the Adult Probation Department within seventy-two (72) hours of his release from prison to commence the community control sentence herein.

Said sentences, as to Counts One and Two, are ORDERED to run concurrent to one another but consecutive to the sentence imposed on Count Five.  The Court makes the appropriate findings to impose said consecutive sentences as required by Section 2929.14(C )(4) of the Ohio Revised Code.

The Court, additionally and specifically, finds that, pursuant to Revised Code Section 2953.08(D)(1) that said sentence is an agreed sentence and therefore is not appealable.

It is further Ordered, as a special condition of community control, that the Defendant successfully complete the SEPTA Program.  The Defendant shall enter the SEPTA program within thirty (30) days of his release from prison herein. * * *.

It is further Ordered that the Defendant have no contact with the victims * * * or their families, * * *.

* * * Count One, post release control is mandatory for a period of five years."

{¶5} The record indicates on December 13, 2017, Appellant filed a Motion to Vacate Void Judgment.  In the motion, Appellant argued the community control sanctions imposed in 2015 on counts one and two are void pursuant to the Supreme Court of Ohio's decision in *State v. Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.  *Anderson* explicitly held that a trial court is not authorized to impose a no-contact order in addition to prison sentences.  On February 8, 2018, Appellant filed a Motion for Judgment on the Pleadings, asking the trial court to rule on his Motion to Vacate Void Judgment.  In a February 20, 2018 entry the trial court pointed

out that Appellant voluntarily pleaded to all counts and ultimately concluded

the Motion to Vacate was time-barred.  This timely appeal followed.

ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT ERRED IN SENTENCING
        DEFENDANT/APPELLANT ISAAC J. PIERCE TO
        TERMS OF COMMUNITY CONTROL WITHOUT A
        PRE-SENTENCE INVESTIGATION REPORT AND
        CONSECUTIVE TO A PRISON SENTENCE, AS
        SUCH, PART OF APPELLANT'S SENTENCE IS
        VOID.

II.     THE TRIAL COURT ERRED IN DENYING
        DEFENDANT/APPELLANT ISAAC J. PIERCE'S
        MOTION FOR JUDGMENT ON THE PLEADINGS."

{¶6} Because Appellant's assignments of error are interrelated, we

consider them jointly.

STANDARD OF REVIEW

{¶7} Appellant filed a Motion to Vacate Void Judgment.  Courts may

recast irregular motions into whatever category they deem necessary to

identify and establish the criteria by which they should judge the motion.

*State v. Rinehart,* 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 7 ; *State*

*v. Burkes*, 4th Dist. Scioto No. 13CA3582, 2014–Ohio–3311, ¶ 11, citing

*State v. Schlee,* 117 Ohio St.3d 153, 2008–Ohio–545, 882 N.E.2d 431, ¶ 12.

In *State v. Reynolds,* 79 Ohio St.3d 158, 160, 773 N.E.2d 1131 (1997), the

Supreme Court of Ohio held that a motion styled as a "Motion to Correct or

Vacate Sentence" met the definition of a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1) because it was "(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *See Rinehart* at ¶ 6. *See also Schlee* at ¶ 12.

{¶8} In this case, Appellant did not file a direct appeal of his sentence. Although he seeks to render his sentence void, his "Motion to Vacate Void Judgment" does not claim denial of constitutional rights and thus we do not consider it under the standard of review appropriate for post-conviction motions for relief.  Appellant argues his sentence is void because the trial court failed to obtain and consider a pre-sentence investigation report, pursuant to R.C. 2951.03(A)(1), which provides that "[N]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court."  The determination of whether a judgment is void is a question of law. *State v. McNamara,* 4th Dist. Pickaway No. 17CA13, 2018-Ohio-2880, at ¶ 4; *Blaine v. Blaine,* 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 19; *see also State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 6 (quoting Blaine ).  Appellate courts review questions of law under the de novo standard of review. *See*

*State v. Blake,* 10th Dist. Franklin No. 10AP–992, 2011-Ohio-3318, ¶ 17.

*But see State v. Klein,* 4th Dist. Adams No. 15CA12, 2016-Ohio-5315, at

¶15.[2]

## LEGAL ANALYSIS

{¶9} In the first assignment of error, Appellant argues his sentence of

five years of community control on each of counts one and two is void

because no pre-sentence investigation report was prepared or considered.

He also asserts that, pursuant to *Anderson, supra,* his consecutive sentence

of community control after the completion of his prison sentence is void.

We begin with his first argument.

{¶10} In this case, although the judgment entry of sentence states

Appellant's sentence was considered pursuant to "any pre-sentence

investigation report prepared," the transcript itself does not indicate a pre-

sentence investigation was ordered or considered by the trial court.  Indeed,

the transcript reflects that Appellant's counsel did not object to proceeding

to sentencing on the same day that Appellant entered his pleas.  In *State v.*

*Klein, supra,* this court held that Klein's community control sentence on an

attempted tampering with evidence conviction was contrary to law and not

---

[2] Outside the context of a direct appeal, R.C. 2953.08(G)(2) governs our review of his sentence.  R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

authorized by law, rendering the sentence void, where the trial court did not consider a presentence investigation report before imposing sentence. *Id.* at ¶ 21, 26.

**{¶11}** " 'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' " *State v. Cupp,* 2016-Ohio-8462, 75 N.E.3d 940 (4th Dist.), at ¶ 14; (Internal citation omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6, quoting *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Typically, "sentencing errors are not jurisdictional and do not render a judgment void." *Id.* at ¶ 7. However, "a sentence that is not in accordance with statutorily mandated terms is void." *Id.* at ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. Appellant's original sentence was imposed on November 3, 2015.

**{¶12}** Appellant has directed our attention to *State v. Amos,* 140 Ohio St.3d 238, 2014–Ohio–3160, 17 N.E.3d 528, ¶ 16, wherein the Supreme

Court of Ohio held: "A trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." The *Amos* decision guided our analysis in our own decision in *Klein, supra.* Klein had entered into a plea agreement wherein he would be placed on community control for an attempted tampering with evidence conviction. Klein did not file a direct appeal. We reviewed his case on an appeal of the sentencing entry from his revocation hearing. Appellant similarly did not file a direct appeal.

{¶13} In *Klein,* our review of the sentencing transcript revealed that the trial court stated at Klein's sentencing hearing that it had considered a presentence investigation report. We observed at ¶ 16:

> "The Supreme Court of Ohio has recently held in *State v. Amos,* 140 Ohio St.3d 238, 2014–Ohio–3160, 17 N.E.3d 528, ¶ 16: 'A trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report.' Therefore, according to Supreme Court precedent, it is clear that the trial court acted contrary to law."

{¶14} In *Klein,* we noted that although Klein's sentence was contrary to law, we must also consider whether or not the sentence was authorized by law. The Supreme Court of Ohio and this Court have held that if an imposed sentence is not authorized by law, it is void. *Id.* at ¶17; *State v.*

*Pippen,* 4th Dist. Scioto No. 14CA3595, 2014–Ohio–4454, ¶ 11, citing *State*

*v. Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144, 980 N.E.2d 960, ¶ 10.

"[S]entences not authorized by statute are void and subject to being

vacated." *Klein* at ¶ 17, quoting *State v. Stump,* 4th Dist. Athens No.

13CA10, 2014–Ohio–1487, ¶ 15, citing *State v. Rohda*, 135 Ohio App.3d

21, 25, 732 N.E.2d 1018 (3rd Dist.1999); *State v. Hooks*, 135 Ohio App.3d

746, 735 N.E.2d 523 (10th Dist.2000); *State v. Lee*, 1st Dist. Hamilton No.

C–120307, 2013–Ohio–1811, ¶ 26.  "This rule cannot be circumvented."

*Stump* at ¶ 15.

{¶15} In *Klein,* we also recognized that if the sentence was merely

voidable, then principles of res judicata would apply, and since Klein did not

file a direct appeal on the original community control sentence, he would be

barred by principles of res judicata from raising his arguments regarding the

lack of a pre-sentence investigation report. *Id.* at ¶ 18. *See State v. Literal,*

4th Dist. Scioto No. 12CA3479, 2012–Ohio–6298, ¶ 6.  On the other hand,

we noted that if the original community control sentence was void, then the

principles of res judicata would not apply; and the sentence may be reviewed

at any time even by collateral attack. *State v. Fischer,* 128 Ohio St.3d 92,

2010–Ohio–6238, 942 N.E.2d 332, ¶ 40.

**{¶16}** In *Klein,* ¶ 19, we also looked to *Amos's* language to guide our reasoning, where the Supreme Court of Ohio found:

> "[W]e are not the legislature, and our pursuit of a logical understanding of the sentencing scheme cannot overlook the plain language of the statute and rule that govern these cases. The state has argued that based on R.C. 2951.03(A)(1) and Crim.R. 32.2, a community-control sentence is always subject to a presentence investigation and that a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence. Reluctantly, we must agree. R.C. 2951.03(A)(1) specifically states that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court," and Crim.R. 32.2 states that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." These provisions are simply too clear to ignore." (Emphasis added.) *Id.* at ¶ 14.

**{¶17}** Therefore, in *Klein,* we concluded that the Supreme Court Ohio "evidently agrees with the argument that 'a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence.' " *Klein*, at ¶ 19; *Amos,* at ¶ 14.  Citing both R.C. 2951.03(A)(1) and Crim.R. 32.2, we held at ¶ 21:

> "Both the statute and the criminal rule of procedure mandate that a trial court shall order and consider a presentence investigation report prior to imposing community control sanctions. Here, the trial court did not consider a presentence investigation report before imposing sentence, and thus the sentence was not authorized by law. The original community control sentence is consequently void."

{¶18} In Appellant's case, the State has argued that Appellant's sentence of community control without the benefit of a pre-sentence investigation report is not subject to review because it is an agreed sentence. The State in *Cupp, supra,* argued similarly. In the context of a post-release control issue, Cupp argued his sentence of post-release control was void because when the trial court originally imposed post-release control, it did not provide a proper notification in the final judgment. The State argued that pursuant to R.C. 2953.08(D)(1), Cupp was not permitted by law to challenge his sentence because (1) the sentence was jointly recommended by the parties, and (2) the sentence was authorized by law. We disagreed and held at ¶ 27:

> "Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. *See, e.g., State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. *See State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 ("Every judge has a duty to impose lawful sentences"). *Id.* at ¶¶ 20–21."

{¶19} Furthermore, we reiterated a void "sentence may be reviewed at any time, on direct appeal or by collateral attack." *Cupp, supra,* at ¶ 28,

quoting *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at

paragraph one of the syllabus. "Accordingly, Cupp cannot waive his right to

appeal his sentence on those grounds. *See State v. Middleton,* 8th Dist.

Cuyahoga No. 99979, 2013-Ohio-5591, 2013 WL 6730881, ¶ 15." *Cupp,* at

¶ 28. As in *Cupp,* the State's contention about the agreed nature of

Appellant's sentence has no merit. Appellant's sentences to community

control with first obtaining and considering a pre-sentence investigation

report renders his community control sentences void. Appellant cannot

agree to waive his right to appeal a void sentence.

{¶20} Here, the State also points out that Appellant did not voice any

objection to proceeding to sentencing without having a pre-sentence

investigation report prepared and considered. Therefore, the State argues,

Appellant has waived any issue as to the lack of a pre-sentence report.

Similarly, in *Klein,* defense counsel did not object to the trial court's failure

to consider a presentence investigation report prior to sentencing him to

community control. However, we found no merit to the waiver argument in

that context as well. We concluded: "Nonetheless, "[a] sentence not

authorized by statute * * * cannot be imposed because it is included in a plea

agreement, or because defense counsel failed to object at the sentencing hearing." *Klein,* at ¶ 20, quoting *Stump,* 2014–Ohio–1487, at ¶ 15.[3]

{¶21} For the foregoing reasons, Appellant's first and second assignments of error are sustained. Appellant's sentences of community control on count one, felonious assault, and of community control on count two, aggravated burglary, are contrary to law and are also not authorized by law because the trial court failed to consider a pre-sentence investigation report prior to imposing community control. Therefore, the sentences are void and must be vacated.[4] The judgment of the trial court imposing community control sentences on those counts is also vacated. As such, this matter is remanded for re-sentencing consistent with this opinion.[5]

{¶22} We have considered Appellant's assignments of error jointly. Our resolution of Appellant's first assignment of error as to the issue of the

[3] *See also State v. Brewer,* 2nd Dist. Montgomery No. 21653, 2015-Ohio-693, at ¶ 13: "If the presentence investigation is waived by the defendant, R.C. 2951.03 would prohibit the trial court from imposing community control sanctions. (Citation omitted.) *State v. Preston,* 155 Ohio App.3d 367, 2003–Ohio–6187, 801 N.E.2d 501, ¶ 7 (10th Dist.); *Accord Disciplinary Counsel v. O'Neill,* 103 Ohio St.3d 204, 2004–Ohio–4704, 815 N.E.2d 286, ¶ 15 (to avoid the necessity of a prison term, a presentence investigation report must be requested before community control sanctions can be considered); *State v. Ferbrache*, 6th Dist. Wood No. WD–06–042, 2007–Ohio–746, ¶ 12 ('since appellant elected to proceed directly to sentencing without a presentence investigation, community control was not an option'). 'Therefore, regardless of whether there [is] a waiver, the trial court [cannot] impose community control sanctions without considering a PSI.' *Preston* at ¶ 7."

[4] *But see State v. Knuckles,* 9th Dist. Summit No. 27571, 2015–Ohio–2840, wherein the Ninth District Court of Appeals resolved the same issue as in this case with the opposite result. *Klein, supra,* at ¶ 22-24. The *Knuckles* court reasoned that the Supreme Court's finding that the court's action was contrary to law "does not suggest that the sentence is void." *Id.* ¶¶ 9 and 10. However, Judge Hoover pointed out that void/voidability was not the issue in *Amos. Klein, supra,* at ¶ 23.

[5] Appellant has made additional voidness arguments as to terms of his community control, such as the "no contact" order and the SEPTA (Southeastern Probationary Treatment Alternative) requirements. However, having found the community control sentences are void, we need not address his arguments as to specific terms.

pre-sentence investigation report is dispositive of this matter.  We need not address his second argument regarding the consecutive nature of his sentence as that issue has been rendered moot.  We therefore decline to address the second assignment of error.  Accordingly, we vacate the sentence as stated herein and remand this matter for re-sentencing.

**JUDGMENT VACATED IN PART AND REMANDED FOR RE-SENTENCING.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE VACATED IN PART AND REMANDED FOR RE-SENTENCING.  Costs shall be divided equally between the parties.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:    Concurs in Judgment and Opinion.
Abele, J.:     Concurs in Judgment Only.

For the Court,

BY:  _____
         Matthew W. McFarland

**NOTICE TO COUNSEL:  Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**