[Cite as *State v. Combs*, 2026-Ohio-1886.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-25-022

    Appellee                                   Trial Court No.  2024 CR 0276

v.

Derek Combs                                      **DECISION AND JUDGMENT**

    Appellant                                  Decided: May 22, 2026

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer Kristofferson, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Derek Combs, appeals from a judgment entered by the Wood County Court of Common Pleas convicting him, following a jury trial, of domestic violence. For the reasons that follow, the trial court's judgment is affirmed.

## Statement of the Case and the Facts

### Introduction

{¶ 2} Derek Combs was indicted on July 25, 2024, on one count of domestic violence, a fourth-degree felony based on his previous conviction for domestic violence. The previous conviction was a misdemeanor of the first degree and came as the result of Combs's guilty plea to the offense in Perrysburg Municipal Court case No. CRB2301210. Case No. CRB2301210, and the associated conviction, stemmed from an earlier complaint, filed in Perrysburg Municipal Court case No. CRA2301193, that charged Combs with a single count of strangulation, a felony of the third degree.

### Motion in Limine

{¶ 3} Prior to trial in the current case, defense counsel filed a motion in limine attempting to limit the State from introducing evidence of the prior conviction. Combs argued that that the Perrysburg Municipal Court judgment entry did not contain a judicial signature and, further, that the complaint related to the prior conviction did not comply with Crim.R. 3.

{¶ 4} The trial court ruled that because of the missing signature, the municipal court judgment entry could not "solely serve as evidence" of Combs's prior conviction, but that the State could produce other evidence to prove the prior conviction.

{¶ 5} In discussing Comb's argument about deficiencies in the complaint in case No. CRB2301210, the trial court recognized that the same act that underlaid the misdemeanor prior domestic violence conviction had initially led to the filing of a

2.

criminal complaint in Perrysburg Municipal Court alleging the offense of strangulation, a felony of the third degree. The court further recognized that the complaint for strangulation was dismissed and then, to form the basis for the complaint in new case No. CRB2301210, the strangulation complaint was interlineated with misdemeanor domestic violence statutory language and the related Revised Code section. Specifically, the trial court stated:

> [T]he charge of strangulation on the complaint was crossed out and replaced with the words of domestic violence, a misdemeanor of the first degree. The complaint section similarly had crossed out the words 'cause a substantial risk of serious physical harm to [the victim] by means of strangulation or suffocation' and replaced with handwritten words stating 'cause or attempt to cause physical harm to [the victim] a family or household member.' The offense section is similarly crossed out and replaced with the handwritten '2919.25(A).' All other aspects of the complaint remained the same, including the signature of the officer and the notary public.

On these facts, the trial court found that the complaint charging Combs with domestic violence in the municipal court was sufficient under Crim.R. 3 and that Combs's objections were procedural rather than substantive, and so should have been raised pursuant to Crim.R. 12(C)(1) before Combs entered his guilty plea. Finding that "any error that may have occurred in the institution of the prosecution of the complaint in Perrysburg was voidable at best," the trial court disallowed Combs's attack on the complaint related to his prior conviction.

**Trial**

{¶ 6} Trial in the instant case began on December 23, 2023. On the first day of the three-day trial, attorney Brian Boos, who was the prosecutor in the underlying municipal

3.

court case, testified outside the jury's presence to the circumstances that surrounded Combs's guilty plea to the prior misdemeanor charge of domestic violence. Boos stated that in December 2023, he attended a preliminary hearing for Combs and that Combs's attorney had arranged for Combs to enter a plea to domestic violence. Boos testified that at the time of the preliminary hearing there was a pending complaint alleging strangulation that was filed on December 23, 2023, and there was a new complaint filed under case No. CRB-2301210, which "was actually the old complaint which [Boos had] changed by interlineation." Boos stated that he added the "family and household member" element to the complaint, and that the "negotiated agreement was a plea to domestic violence which contain[ed] the element of a family or household member." He clarified that although the element of a family or household member was not in the original complaint, the original complaint, like the new one, referenced the same victim. Boos acknowledged that both the original and the interlineated complaints indicated that Thomas Roberts was the complainant, and that Boos himself neither signed the refiled CRB complaint nor took an oath to attest to the truthfulness of the new allegations. He further acknowledged that there was no file stamp on the CRB complaint to indicate that it had been received, filed, or docketed by the Perrysburg Municipal Court.

{¶ 7} On cross-examination by the State, Boos testified that the original complaint that was filed by Thomas under the CRA number was signed and notarized, it stated a charge of strangulation, and it gave a statute citation of [R.C.] 2903.18. He stated that it was the practice of prosecutors in Perrysburg Municipal court to negotiate cases,

4.

reducing charges from felonies to misdemeanors, and that the process for doing this was "to take the old complaint and by interlineation make the amendment to a misdemeanor charge." Boos confirmed that the victim, who was the same in both the felony and refiled misdemeanor complaints, had agreed to the reduction in the charge. Boos further confirmed that the interlineation would not have been made without agreement from defense counsel, and that the case was resolved that day and would not have gone forth as an individual complaint. He stated that the reduction from the felony offense to the misdemeanor offense was to benefit Combs and that Combs entered a knowing, intelligent, and voluntary guilty plea to the reduced charge.

{¶ 8} Boos clarified on redirect examination that the interlineation, whether construed as a new charge or as an amendment, "is treated as essentially a lesser included [offense]." He also confirmed that the felony complaint that was filed on December 23, 2023, was ultimately dismissed.

{¶ 9} Upon inquiry by the trial court, Boos confirmed that it was as the result of the negotiations at the preliminary hearing that he and defense counsel came to an agreement that Combs would plead guilty to domestic violence. He further confirmed that it was the policy of the Perrysburg Municipal Court to file a new case after dismissing the old one "using the same complaint with [certain language] crossed out and the new words put in as a misdemeanor complaint." Finally, Boos testified that the affiant in the case, Thomas Robert, was a police officer, and that no one at the preliminary hearing raised any objection to the process. Boos stated that his understanding was that

5.

the victim did not want to cooperate with the case at all, and so he "negotiated a lesser resolution" at that time. He reiterated that "[t]his was an agreement between the defense attorney and the prosecutor."

{¶ 10} The victim testified before the jury on the second day of trial. Part of her testimony involved statements concerning Combs's prior offense. Specifically, the victim testified that she went to the Perrysburg Municipal Court on December 28, 2023, in connection with an incident that had taken place on December 22, 2023, during which Combs had grabbed her by the throat and slammed her into a wall. She stated that she did not cooperate with the authorities in regard to that prosecution because she was scared. She further stated that prosecutors reduced the charges against Combs at her behest, and that when they reduced the charge from strangulation to misdemeanor domestic violence, she agreed to the reduction. The victim testified that she watched Combs enter a plea and get sentenced that day.

{¶ 11} Attorney Christopher Lawrence, who had been Combs's defense counsel in the underlying municipal court case, also testified regarding the December 28, 2023 proceedings. Outside of the presence of the jury, Lawrence testified that the procedure he follows when speaking with clients at a preliminary hearing is to introduce himself and explain why they are there, to advise them whether or not a potential plea offer has been made from the State, and to give them his opinion on how best to proceed. He was shown video footage from the municipal court on December 28, 2023, and testified that it was a fair and accurate depiction of the events that took place. Specifically, he identified that a

6.

guilty plea to a misdemeanor domestic violence charge was entered on Combs's behalf, with attorney Boos in attendance.

{¶ 12} At the conclusion of Lawrence's testimony defense counsel requested to bring in the "faulty complaint" that was filed with the municipal court. The trial court denied this request.

{¶ 13} Finally, on the third day of trial, Combs, himself, testified before the jury. As part of his testimony, he admitted to pleading guilty to the prior conviction in Perrysburg. He also acknowledged that he was responsible for the assault underlying that conviction.

{¶ 14} Following the trial, during which additional testimony had been presented to the jury to establish that Combs committed a second assault on the victim, on July 6, 2024, Combs was found guilty of the felony domestic violence offense. He was later sentenced to serve 12 months in prison.

{¶ 15} Combs filed a timely appeal. The issues raised in this appeal revolve exclusively around the circumstances of the enhancement of the domestic violence charge to a felony based upon his prior conviction.

**Assignments of Error**

{¶ 16} On appeal, Combs asserts the following assignments of error:

I. The State failed to present sufficient evidence of a prior conviction, an element of the offense as charged, in violation of Mr. Combs rights to due process and due course of law under the Ohio and United States Constitutions.

7.

II.     The trial court erred and violated Mr. Combs' right to present a defense when it improperly permitted the prosecution, over objection, to present irrelevant evidence of a dismissed prior complaint, while also refusing to permit Mr. Combs to submit or discuss the void misdemeanor complaint that the prosecution claims as the offense that enhanced Mr. Combs' charge to a felony.

**Law and Analysis**

{¶ 17} As Combs's first and second assignments of error involve overlapping issues, they will be considered together in this analysis.

{¶ 18} R.C. 2919.25(A) and (D)(3), related to the offense of domestic violence, provide in relevant part:

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
>
> …
>
> (D) (3) [I]f the offender previously has pleaded guilty to or been convicted of domestic violence…a violation of division (A) or (B) of this section is a felony of the fourth degree….

Where, as here, "'existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state.'" *State v. Meyers*, 2015-Ohio-5499, ¶ 10 (6th Dist.), quoting *State v. Brooke*, 2007-Ohio-1533, ¶ 8. Combs argues in his first assignment of error that the State failed to present sufficient evidence of a prior conviction.

{¶ 19} When reviewing the sufficiency of the evidence, we view "the evidence in the light most favorable to the prosecution and ask[] whether "'any rational trier of fact

8.

could have found the essential elements of the crime proved beyond a reasonable doubt.'"" *State v. Brown*, 2025-Ohio-2804, ¶ 16, quoting *State v. Dean*, 2015-Ohio-4347, ¶ 150, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The appropriate standard of review for a sufficiency-of-the-evidence challenge is 'whether, if believed, the evidence can sustain the verdict as a matter of law.'" *Brown* at ¶ 17, quoting *State v. Richardson*, 2016-Ohio-8448, ¶ 13 "When reviewing whether the State met its burden of production, 'an appellate court does not ask whether the evidence should be believed but, rather, whether the evidence, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."'" *Brown* at ¶ 17, quoting *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus. A verdict should not be disturbed "unless we find that reasonable minds could not reach the conclusion reached by the trier of fact." *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001), citing *Jenks* at 273.

{¶ 20} Combs argues that because the complaint in Perrysburg Municipal case No. CRB2301210 was not sworn to or filed, the subject matter jurisdiction of the municipal court was never invoked and so Combs's guilty plea and conviction are void. The State counters that the interlineated complaint did contain an affirmation that was made under oath – albeit not by the prosecutor – and that the complaint was, in fact, filed, although it was not given "another" file stamp.

{¶ 21} "Generally, a past conviction cannot be attacked in a subsequent case; however, there is a limited right to collaterally attack a conviction when the state

9.

proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Phillips*, 2010-Ohio-1941, ¶ 6 (12th Dist.), citing *Brooke* at ¶ 9. To date, "a conviction obtained without the assistance of counsel or with an invalid waiver of the right to counsel has been the only constitutional infirmity that has been recognized by the Ohio or the United States Supreme Courts with regard to a collateral attack on a conviction that was used to enhance a criminal penalty." *State v. Gerken,* 2023-Ohio-2244, ¶ 25 (6th Dist.), citing *Phillips* at ¶ 7, citing *State v. Culberson*, 142 Ohio App.3d 656, 659, 660 (7th Dist. 2001); *see also Custis v. United States*, 511 U.S.485, 496-497 (1994) (dealing with federal sentencing statutes).

{¶ 22} "Both the United States Supreme Court and various courts of appeals in Ohio have expressly refused to extend the right to collaterally attack a prior penalty enhancing conviction on grounds other than the right to counsel." *Gerken* at ¶ 26, citing *Custis* at 496 (reasoning that the failure to appoint counsel was a "unique constitutional defect," and that other defects, such as denial of effective assistance of counsel or lack of a knowing and intelligent plea, do not rise to the same level); *State v. Mikolajczyk*, 2010-Ohio-75 (8th Dist.) (rejecting a defendant's argument that his prior conviction was subject to collateral attack on the basis that the entry of conviction and sentencing failed to indicate he was advised of his constitutional rights); *Culberson* at 662-663 (declining to extend the right to collaterally attack prior convictions on the basis that a defendant's prior guilty plea was not knowingly, voluntarily, and intelligently made).

{¶ 23} Because Combs does not allege a violation of his right to counsel – or any defect that arguably rises to the level of a violation of the right to counsel – he fails to assert a valid basis upon which to collaterally attack his prior conviction.

{¶ 24} In this case, the State presented ample evidence -- in the form of testimony by Combs himself, attorneys Boos and Lawrence, and the victim, together with a video of the guilty plea proceedings -- such that a rational trier of fact could have found the existence of a prior domestic violence conviction. Comb's first assignment of error is found not well-taken.

{¶ 25} Combs alleges in his second assignment of error that the trial court denied him the right to contest the prior conviction in front of the jury. Specifically, Combs challenges the trial court's refusal to permit the defense to present evidence of the alleged voidness of the prior domestic violence conviction.

{¶ 26} "'[I]t is a fundamental tenet of jury trial procedure that the judge decides questions of law, and the jury, as factfinder, then decides questions of fact." *W.A. Smith Financial, LLC v. Doe*, 2026-Ohio-184, ¶ 59 (8th Dist.), quoting *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 436 (1996). Subject matter jurisdiction of a trial court is a matter of law, *State v. Hudson*, 2022-Ohio-1435, ¶ 19, as is the issue of voidness. *State v. Pierce*, 2019-Ohio-467, ¶ 8 (4th Dist.); *see also Murphy v. Murphy*, 2021-Ohio-101, ¶ 18 (3d Dist.). Thus, the subject matter jurisdiction of the municipal court in case No. CRB2301210 and the alleged voidness of the prior conviction in that case were not within the purview of the jury.

11.

{¶ 27} Whether the prior conviction *occurred* was a factual question for the jury to decide. And there is nothing in the record to suggest that Combs was prevented from challenging the *occurrence* of the prior conviction.

{¶ 28} Combs argues that the trial court's allowing the presentation of the dismissed strangulation complaint while refusing to allow the defense to advance the actual complaint "created an environment of unfair prejudice" under Evid.R. 403. Inasmuch as the jury was tasked only with determining whether the prior conviction occurred, and not with a determination as to the validity of that conviction, we disagree with Combs's characterization of the impact of the trial court's evidentiary determinations. As stated by the trial court, Combs's objections went to the filing of the domestic violence complaint, and so were procedural and not substantive to the complaint. Combs's assertions to the contrary, evidence of the dismissed strangulation complaint was not irrelevant to establishing the occurrence of the prior domestic violence conviction that arose, at least in part, from that initial complaint.

{¶ 29} Finally, Combs argues that admission of the dismissed non-domestic violence complaint ran afoul of Evid.R 901, dealing with hearsay and authenticity. Even assuming, without deciding, that that admission of the strangulation complaint was in error, in light of the abundance of other evidence supporting the occurrence of the prior domestic violence conviction, such error was harmless beyond a reasonable doubt pursuant to Crim.R. 52(A).

{¶ 30} Combs's second assignment of error is found not well-taken.

12.

**Conclusion**

{¶ 31} The judgment of the Wood County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Thomas J. Osowik, PJ.
_____
                                                                    JUDGE

Myron C. Duhart, J.
_____
                                                                    JUDGE

Charles E. Sulek, J.
CONCUR.                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.